UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GERALD PLUVIOSE,

    Plaintiff,

v.                                      Case No:   2:22-cv-668-JLB-KCD

PHH MORTGAGE
CORPORATION,

    Defendant.
_____/

## ORDER

This matter comes before the Court on Defendant PHH Mortgage Corporation's Motion to Dismiss the Second Amended Complaint. (Doc. 14). Plaintiff did not respond to the Motion to Dismiss, but he did file what he called a "Motion for Summary Judgment," in which he stated that he would "like the Court to review the material facts and make a decision." (Doc. 26; *see also* Doc. 37). For the reasons set forth below, the Motion to Dismiss is **GRANTED** and the Second Amended Complaint is dismissed without prejudice.

## BACKGROUND

On October 13, 2022, Plaintiff filed a complaint alleging breach of contract. (Doc. 1). There were two versions of that initial complaint filed, one of which was attached to Plaintiff's Motion to Proceed *In Forma Pauperis* (the "IFP Motion"). (*Compare* Doc. 1 and Doc. 2 at 11–12). The complaints were similar, but the one attached to the IFP Motion alleged that Mr. Pluviose was "still going through the

1

foreclosure process and would like the property free and clear. Along with the amount of time, [he] would also like 1 million in damages." (Doc. 2 at 12). The initial complaint included several attachments, one of which was a letter from Defendant to the Florida Office of Financial Regulation, explaining that final approval of the loan modification was subject to, among other things, the receipt of clear title. (Doc. 1-1 at 2). The letter further stated that Defendant found a title issue on the property and notified Mr. Pluviose of such issue, informing him that the issue had to be resolved in about one month. (*Id.*) The letter then indicated that Defendant denied the loan modification because it did not receive the title clearance documentation within the required timeframe. (*Id.* at 3). Finally, the letter stated that upon receipt of a modification denial dispute on behalf of Mr. Pluviose, Defendant requested a reversal of the modification denial but then indicated that it was unable to reverse the modification denial because the servicing rights were transferred to Rushmore Loan Management Services LLC. (*Id.*)

On October 20, 2022, the Magistrate Judge entered an order (the "IFP Order") granting Mr. Pluviose's IFP Motion but dismissing the complaint with leave to amend. (Doc. 4 at 1). The Court dismissed that complaint for several reasons. First, Mr. Pluviose failed to properly allege subject matter jurisdiction because (i) the amount in controversy section of the complaint was blank (*id.* at 5), and (ii) he did not properly allege PHH's citizenship (*id.* at 4). The complaint stated that PHH was incorporated in New Jersey but did not identify the corporation's principal place of business, making it impossible for the Court to discern if the parties are

truly diverse. (*Id.* at 4–5). Second, the Magistrate Judge noted that the complaint contained procedural defects. (*Id.* at 5). Specifically, the complaint was "essentially two sentences long" and there were "no accompanying factual allegations to explain why PHH would be liable for any damages." (*Id.* at 5). The Magistrate Judge also stated that Mr. Pluviose "want[ed] the Court to essentially stop the foreclosure and award him the property free and clear," which the Court generally cannot do. (*Id.* at 6). Because Mr. Pluviose is a pro se litigant, the Magistrate Judge permitted him an opportunity to submit a complaint that establishes diversity jurisdiction and complies with the proper pleading standards. (*Id.*)

On November 16, 2022, Plaintiff filed an amended complaint. (Doc. 5). The amended complaint indicated that Defendant is incorporated in New Jersey and has its principal place of business in New Jersey. (*Id.* at 3). The amended complaint also noted that "[t]he amount in controversy was a modified mortgage in the amount of 1st lien $209,835.14 and Junior Lien $46,772.09 which totals to $256,607.23." (*Id.* at 3–4). The amended complaint specified that Defendant denied a loan modification in April 2022 and, upon receipt of Plaintiff's modification denial dispute, requested a reversal of the modification denial. (*Id.* at 4). But the modification denial was not reversed because "the servicing rights of the account were transferred to Rushmore [L]oan Management [S]ervice LLC." (*Id.*) The amended complaint also referred to a "second page of attachment explaining the whole incident," but no such attachment was included. (*Id.*) Plaintiff indicated that he would like PHH to cover the losses that stem from the purported breach of

3

contract, allegedly $256,607.23. (*Id.*) He indicated that the foreclosure is still ongoing, and he would also like $1,000,000.00 in damages. (*Id.*)

On January 12, 2023, Plaintiff filed a second amended complaint ("SAC"). (Doc. 9). As far as the Court can tell, the content in the Plaintiff's second amended complaint is substantively identical to that in the amended complaint, except Plaintiff now requests $2,000,000.00 in damages. (Doc. 9 at 4).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This standard of plausibility is met when a plaintiff pleads enough factual content "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

When reviewing a motion to dismiss, courts must accept all factual allegations contained in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). Legal conclusions, however, "are not entitled to the assumption of truth." *Ashcroft*, 556 U.S. at 679. In fact, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

## DISCUSSION

In the SAC, Plaintiff adequately addresses the jurisdictional issues set forth in the IFP Order. The Court is satisfied that the parties are diverse because the SAC states that Plaintiff is a citizen of Florida, while PHH is incorporated in New Jersey *and* has its principal place of business in New Jersey. (Doc. 9 at 3). Moreover, the SAC states that the amount in controversy is at least $256,607.23. (Doc. 9 at 3–4).

This Court has given this pro se Plaintiff's complaint the liberal reading that it must (*see Tannenabum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998)), but the procedural deficiencies identified by the IFP Order are still present in the SAC. "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Florida law,[1] the elements of a breach of contract action are (1) a valid contract; (2) a material breach of that contract; and (3) damages arising out of that contract. *See Beck v. Lazard Freres & Co., LLC*, 175 F.3d 913, 914 (11th Cir. 1999).

---

[1] It appears that Florida law should apply to this contract. *See Fioretti v. Mass. Gen. Life Ins. Co.*, 53 F.3d 1228, 1235 (11th Cir. 1995) (Florida adheres to the traditional rule of *lex loci contractus*, which directs that "in the absence of a contractual provision specifying the governing law, a contract . . . is governed by the law of the state in which the contract is made"). The Court does not have information indicating that the contract was made in Florida, but without prejudice to either party arguing otherwise in future filings, the Court will assume—for the purpose of adjudicating this motion—such. Additionally, at least one of the documents attached to the original complaint had a provision specifying that the law of the state where the subject property is located governs the document. (*See* Doc. 1-1 at 23 ("This Security Instrument shall be governed by . . . the law of the jurisdiction in which the Property is located.")).

A plaintiff must show the existence of a valid contract by alleging: "(1) an offer; (2) acceptance of the offer; (3) consideration; and (4) sufficient specification of the essential terms of the agreement." *Shaffer v. Bank of New York Mellon*, Case No. 8:17-cv-565-T-33AAs, 2017 WL 3065222, at *3 (M.D. Fla. July 19, 2017) (citation omitted).

The SAC states that PHH sent Mr. Pluviose a permanent modification agreement (Doc. 9 at 4), but it is unclear whether the SAC seeks to allege (i) that PHH breached the loan modification agreement or (ii) that Plaintiff and Defendant entered into an unwritten contract with respect to reversal of the loan modification, which Defendant then breached. Plaintiff must indicate what agreement he believes that Defendant breached, whether it be one of the two mentioned or a different one altogether. Otherwise, the Court cannot decipher whether any complaint that Plaintiff files adequately alleges that there was a valid contract between the parties.[2] Moreover, Plaintiff must indicate how Defendant breached the contract. In other words, the Court requires more than a conclusory statement that Defendant breached a contract. *See Ashcroft*, 556 U.S. at 664.

That Mr. Pluviose is proceeding pro se does not excuse his failure to comply with basic pleading requirements. *See Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) ("A pro se pleading is held to a less stringent standard than a

---

[2] The original complaint has several attachments, which Defendant urges the Court not to consider (Doc. 14 at 2). The Court has reviewed those attachments and finds that, even if they were considered part of the SAC, they do not create an actionable claim.

pleading drafted by an attorney and is liberally construed. However, a pro se pleading must still suggest that there is at least some factual support for a claim."). Accordingly, the SAC will be dismissed without prejudice. While Defendant is correct that Plaintiff has made several unsuccessful attempts to amend the complaint (*see* Doc. 14 at 6), the SAC provides more information than the original complaint, leading the Court to believe that Plaintiff may be able to allege an actionable claim should he choose to file a third amended complaint. The Court notes that Plaintiff should attach any documents he wishes the Court to consider to his third amended complaint. *See Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) ("As a matter of law, the second amended complaint . . . superseded the former pleadings; the original pleadings were abandoned by the amendment . . . [W]hen [plaintiff] filed the second amended complaint, the first amended complaint (and its attached exhibits) became a legal nullity") (citing *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006)).

## CONCLUSION

The Motion to Dismiss (Doc. 14) is **GRANTED.** The SAC is **DISMISSED without prejudice**. Plaintiff must file a third amended complaint no later than August 22, 2023. Otherwise, this matter may be dismissed with prejudice without further notice.

**ORDERED** in Fort Myers, Florida on July 25, 2023.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

7