UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GERALD PLUVIOSE,

    Plaintiff,

v.                                                      Case No: 2:22-cv-668-JLB-KCD

PHH MORTGAGE CORPORATION,

    Defendant.
_____/

## ORDER

Plaintiff Gerald Pluviose, proceeding *pro se*, has filed a Third Amended Complaint ("TAC" or "Complaint") against Defendant PHH Mortgage Corporation ("PHH Mortgage"). (Doc. 43). PHH Mortgage has moved to dismiss this Complaint (Doc. 45), and Mr. Pluviose has responded in opposition (Doc. 49). For the reasons set forth below, the motion to dismiss (Doc. 45) is **GRANTED in part**, and the Third Amended Complaint (Doc. 43) is **DISMISSED without prejudice**. Furthermore, Mr. Pluviose's motion for summary judgment (Doc. 50), to which PHH Mortgage has responded in opposition (Doc. 51), is **DENIED without prejudice** as premature.

### LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a) requires that a complaint contain:

(1)    a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

And Federal Rule of Civil Procedure 10(b) provides:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense.

The Eleventh Circuit has identified four general categories of complaints, which it has called "shotgun" pleadings, that fail to comply with Rules 8 and 10: (i) complaints that include "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (ii) complaints that do not separate "into a different count each cause of action or claim for relief"; (iii) complaints that allege "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against"; and (iv) complaints that contain "multiple counts where each count adopts the allegations of all preceding counts." *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1320–23 (11th Cir. 2015) (citations omitted). The common fault of each of these types of shotgun pleadings is notice, because "they fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. To survive a motion to

dismiss under Rule 12(b)(6), a complaint must contain enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotations omitted). This standard of plausibility is met when the plaintiff pleads sufficient facts "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

When reviewing a motion to dismiss, courts must accept all factual allegations contained in the complaint as true and view the facts in the light most favorable to the plaintiff. *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999); *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). Legal conclusions, however, are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 680. As such, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

## DISCUSSION

### I. Defendant's Motion to Dismiss

Defendant PHH Mortgage contends that Mr. Pluviose's Third Amended Complaint fails to provide sufficient notice of the claims alleged against it. (Doc. 45 at 1–5). This Court has given Mr. Pluviose's TAC, filed *pro se*, the liberal reading that it must. *See Erickson*, 551 U.S. at 94. But even with such a reading, the Court concludes that the TAC fails to provide sufficient notice to Defendant PHH

Mortgage of "the claims against [it] and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323; *see Johnson v. Specialized Loan Serv., LLC*, No. 21-12327, 2022 WL 320854, at *1 (11th Cir. Feb. 3, 2022) (concluding *pro se* complaint failed to meet Rule 8(a)'s requirements).

First, the TAC appears to allege a breach-of-contract claim and that PHH Mortgage breached a loan modification agreement. (Doc. 43 at ¶¶ 1, 6–7, 10–11). But as Defendant argues (Doc. 45 at 1–4), the TAC does not clearly set forth any factual allegations for how PHH Mortgage breached a loan modification agreement. Moreover, the assertion that is included in the Complaint—*i.e.*, PHH Mortgage "materially breached the agreement by selling the loan to . . . Rushmore Loan Servicing . . . that refused to honor the terms of the agreement"—appears, at least in part, to be directed at Rushmore Loan Servicing, who is not a party to this case. (Doc. 43 at ¶ 11; *id.* at ¶ 7; *see* Doc. 45 at 3–4). The Court accordingly determines that the TAC's allegations are conclusory and appear (at least in part) to be directed at a non-party. *See Johnson*, 2022 WL 320854, at *2 (affirming complaint's dismissal, where *pro se* litigant's "claims regarding the loan were conclusory and factually unsupported and, in any event, were directed at the lender Bank of America, who is not a party to the case").

Second, the TAC contains additional allegations concerning the denial of "a government forbearance"; the renewal of a "forbearance without [Mr. Pluviose's] explicit consent"; and attempts to have Mr. Pluviose "sign documents unrelated to [his] FHA rights and obligations." (Doc. 43 at ¶¶ 1, 3–4, 8, 12–14). Each of these

4

allegations is directed at the "Defendants," which the TAC defines to mean PHH Mortgage and Rushmore Loan Servicing. (*Id.*)  But, as noted, Rushmore Loan Servicing is not a party to this case.  Moreover, the Court agrees with Defendant PHH Mortgage that these allegations do not provide it with sufficient notice of the claims against it. (Doc. 45 at 2–4).  Indeed, these allegations are not connected to any cause of action or claim; they are conclusory and unclear; and they fail to specify which of the "Defendants" is allegedly responsible. *See Weiland*, 792 F.3d at 1321–23.

Finally, as Defendant PHH Mortgage observes (Doc. 45 at 1–2, 4–5), the TAC attaches documents that do not appear to be related to the allegations in the Complaint.  (*See* Doc. 43-1).  The attachments therefore do not assist in clarifying the claims, or the grounds for such claims, against Defendant PHH Mortgage. *See Weiland*, 792 F.3d at 1323 (explaining that shotgun pleadings "fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests"); *cf. Erickson*, 551 U.S. at 94 (concluding *pro se* litigant sufficiently met pleading standard based on the complaint's allegations, bolstered by "making more specific allegations in documents attached to the complaint and in later filings").

Accordingly, after a thorough review of the TAC and its attachments, the Court concludes that the TAC is due to be dismissed without prejudice.[1]  Although

---

[1] Because the TAC is being dismissed in its entirety as a shotgun pleading, the Court has not addressed Defendant PHH Mortgage's remaining grounds for dismissal.  (*See* Doc. 45 at 5–8).

5

PHH Mortgage has requested dismissal with prejudice in light of Mr. Pluviose's previous opportunities to amend (Doc. 45 at 2, 5, 8), the Court determines that such a dismissal is not warranted here where Mr. Pluviose has proceeded *pro se* and appears to be attempting to state his claims.

Mr. Pluviose may file a Fourth Amended Complaint within 30 days of this Order. Any Fourth Amended Complaint should include all allegations and attachments, without referring to or incorporating any previously filed complaint. *See Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) ("As a matter of law, the second amended complaint . . . superseded the former pleadings; the original pleadings were abandoned by the amendment . . . . [W]hen [plaintiff] filed the second amended complaint, the first amended complaint (and its attached exhibits) became a legal nullity.") (quoting *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) (internal quotation marks and alterations omitted)). Lastly, any Fourth Amended Complaint must comply with the Magistrate Judge's Order (Doc. 56) denying Mr. Pluviose's motion to amend the Complaint.

## II. Mr. Pluviose's Motion for Summary Judgment

Mr. Pluviose has filed a motion for summary judgment. (Doc. 50). Defendant PHH Mortgage has opposed this motion arguing (among other things) that Mr. Pluviose's summary judgment motion is premature. (Doc. 51 at 1–4). Given the procedural posture of this case, including that Mr. Pluviose has been provided leave to file a Fourth Amended Complaint consistent with this Order, the Court agrees

6

that Mr. Pluviose's summary judgment motion is premature. *See, e.g., Snook v. Trust Co. of Georgia Bank of Savannah, N.A.*, 859 F.2d 865, 870–71 (11th Cir. 1988) (explaining summary judgment is premature where nonmoving party has not had an adequate opportunity for discovery). Accordingly, Mr. Pluviose's summary judgment motion is **DENIED without prejudice**.

## CONCLUSION

For the foregoing reasons:

1.    Defendant's Motion to Dismiss (Doc. 45) is **GRANTED in part**. The Third Amended Complaint (Doc. 43) is **DISMISSED without prejudice**. Mr. Pluviose may file a Fourth Amended Complaint, consistent with this Order, within 30 days. The failure to file any Fourth Amended Complaint by this deadline may result in the dismissal of this case with prejudice without further notice. Furthermore, the Court advises Plaintiff that it is not inclined to permit further amendments of the Complaint.

2.    Plaintiff's Motion for Summary Judgment (Doc. 50) is **DENIED without prejudice**.

**ORDERED** at Fort Myers, Florida on May 6, 2024.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE